UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES W. LONG, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 1:11-cv-01420 RBW |
| | : | |
| TERADATA CORPORATION, et al., | : | |
|     Defendants. | : | |
| _____ / | | |

**DEFENDANT JANET HONG'S REPLY
TO PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS, AND
OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE**

COMES NOW, Defendant, Janet Hong, by counsel, and in Reply to Plaintiff's opposition to the motion to dismiss, and in Opposition to Plaintiff's alternative motion to transfer venue, states as follows:

I.   INTRODUCTION

This case arises from Plaintiff's dissatisfaction with the end of his employment assignment with co-defendant, Teradata Corporation ("Teradata"). The plaintiff names Ms. Hong as a defendant, even though she was neither his employer nor supervisor, and he pleads no facts to support the claims against her. Plaintiff's Opposition to the Motion to Dismiss in essence concedes that he cannot support the accusations against Ms. Hong with the requisite factual pleadings.[1] As discussed in Ms. Hong's Memorandum in Support of the Motion to Dismiss and the Motion to Dismiss filed by co-defendants Teradata, Robert Trenkamp, and Michael Owellen, whose arguments

---

[1] "Ms. Hong argues that what was 'specifically' said is unknown, a claim the Plaintiff cannot dispute." Plaintiff's Opposition to Defendants' Teradata, Owellen, Trenkamp and Hong Motions to Dismiss and in the Alternative Plaintiff's Motion for Transfer of Venue to the Eastern District of Virginia, Docket Nos. 15 & 16, page 15 (hereafter, "Plaintiff's Opposition")(emphasis added).

Ms. Hong adopts as if fully set forth herein, the Complaint fails to state any claim upon which relief can be granted against her.

In addition to Plaintiff's failure to state a claim against Ms. Hong, he also filed this action in a Court that lacks personal jurisdiction over her. Plaintiff does not oppose Ms. Hong's 12(b)(2) motion, seeking dismissal on this basis. *See*, *generally*, Plaintiff's Opposition, Docket Nos. 15 & 16. Instead, he asks the Court to transfer venue to the Eastern District of Virginia. *Id*. The motion to transfer should be denied because it is not in the interests of justice to transfer the case, where such a transfer would be futile.

II. PLAINTIFF FAILS TO ASSERT FACTUAL ALLEGATIONS, WHICH IF ACCEPTED AS TRUE, WOULD BE SUFFICIENT TO STATE A CLAIM FOR RELIEF THAT IS PLAUSIBLE ON ITS FACE.

In opposition to the Motion to Dismiss, Plaintiff either concedes or ignores many of the grounds for dismissal raised by Ms. Hong. Plaintiff does not contest that Ms. Hong was neither an employer nor a supervisory employee to whom Title VII of the Civil Rights Act of 1964 (Count I) or 42 U.S.C. § 1981 (Count II) potentially applies. Plaintiff does not argue that Virginia recognizes a tort for "False-Light Invasion of Privacy" (Count III). He concedes that he cannot support the defamation claim (Count IV) with <u>factual allegations</u>. Finally, the conclusory allegations and arguments do not support Plaintiff's claim for Intentional Infliction of Emotional Distress (Count VI).

    **A. Plaintiff does not argue that Ms. Hong is liable as an employer or supervisory employee under Title VII of the Civil Rights Act of 1964 (Count I) or 42 U.S.C. § 1981 (Count II).**

The claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 against Ms. Hong must be dismissed because she was neither the Plaintiff's employer nor an employee with

supervisory authority over him. *See*, 42 U.S.C. § 2000e(b); *see, also*, 42 U.S.C. § 1981.

The Complaint alleges that Ms. Hong was an independent contractor, not the Plaintiff's employer. *See* Complaint ¶¶ 11 & 15. It does not allege that she was the Plaintiff's employer, and Plaintiff's Opposition to Motion to Dismiss does not argue that Ms. Hong is an employer or supervisory employee. As Title VII only applies to employers, Ms. Hong cannot be liable under Count I. *See Brown v. Children's Hosp. Nat'l Med. Center*, 773 F. Supp. 2d 125, 134 (D.D.C. 2011)(holding that the employer alone is liable for violations of Title VII); *see, also, Lissau v. Southern Food Service, Inc.*, 159 F.3d 177 (4th Cir. 1998)(holding that employees were not liable in their individual capacities under Title VII). Plaintiff's Opposition completely ignores the fact that Ms. Hong was not the plaintiff's employer, and does not bother to argue that she bears individual liability. None of the cases cited in Plaintiff's Opposition impose liability on an individual independent contractor who was not the plaintiff's employer. Ms. Hong cannot be held liable because she is not an employer subject to the statute.

Similarly, Ms. Hong is not alleged to have any supervisory authority over the plaintiff, and therefore cannot be held liable under 42 U.S.C. § 1981. None of the facts alleged indicate that Ms. Hong was anything but an independent contractor to Teradata; there is no allegation of a contract between Ms. Hong and the Plaintiff. *See* Complaint ¶ 12. Plaintiff's Opposition does not present any facts or argument to suggest that Ms. Hong can be held liable under 42 U.S.C. § 1981. Plaintiff cites no cases where liability was imposed on an individual, such as Ms. Hong, who has no supervisory authority over the plaintiff. *See, Tnaib v. Document Technologies, LLC*, 450 F. Supp. 2d 97, 92 (D.D.C. 2006)("*Section 1981* does not create grounds for a cognizable claim against a co-worker.") Additionally, there is no allegation of a contract between Ms. Hong and the Plaintiff. *See*,

*Alford v. Martin & Gass, Inc.*, 2009 U.S. Dist. LEXIS 15110 (E.D. Va. 2009) ("An at-will employment relationship constitutes a contract for § 1981 purposes...; however, this relationship must still be between the plaintiff and the defendant"). There is simply no basis for a claim under 42 U.S.C. § 1981 against Ms. Hong. Count I and Count II should be dismissed.

  **B.** **Plaintiff fails to address Virginia's elimination of "False-Light Invasion of Privacy" and Count III should be dismissed.**

Plaintiff fails to respond to Ms. Hong's arguments concerning "False-Light Invasion of Privacy" in the Motion to Dismiss. This is unsurprising as the tort has been rejected in the Commonwealth of Virginia. *See WJLA-TV v. Levin*, 264 Va. 140, 164, 564 S.E.2d 383, 395 (2002). The Court should treat the argument as conceded and grant the Motion to Dismiss Count III with prejudice.

  **C.** **Plaintiff concedes that he cannot support the defamation claim against Ms. Hong with factual allegations.**

The Complaint in this action fails to set forth the purportedly defamatory statement that forms the basis of Plaintiff's defamation claim against Ms. Hong. In response, Plaintiff agrees that the statement is "unknown." Plaintiff's Opposition, Docket Nos. 15 & 16, p. 15. Under either Virginia law, or Federal procedure, a claim for defamation must be specifically set out. "Good pleading requires that the exact words spoken or written must be set out *in haec verba*." *Fuste v. Riverside Healthcare Ass'n Inc.*, 265 Va. 127, 134, 575 S.E.2d 858, 862 (2003) *citing Federal Land Bank of Baltimore v. Birchfield*, 173 Va. 200, 3 S.E.2d 405 (1939). The defamation pleading "must go further, -- that is, it must purport to give the exact words." *Fuste v. Riverside Healthcare Ass'n Inc.*, 265 Va. at 134, 575 S.E.2d at 862 *citing Federal Land Bank of Baltimore v. Birchfield*, 173 Va. 200, 3 S.E.2d 405. In *Hoffman v. Hill & Knowlton, Inc.*, 777 F. Supp. 1003 (D.D.C. 1991), this Court

stated, "The use of *in haec verba* pleadings on defamation charges is favored in the federal courts because generally knowledge of the exact language used is necessary to form responsive pleadings." *Hoffman v. Hill & Knowlton, Inc.*, 777 F. Supp. 1003, 1005 *citing Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 699 (8th Cir. 1979). Where the particulars of the statement were not set forth, the "plaintiff's defamation claim [was] based on inference and conjecture without supporting factual allegations" *Hoffman v. Hill & Knowlton, Inc.*, 777 F. SUPP. at 1005. A Motion to Dismiss is proper, "[g]iven the heightened pleading standard in defamation actions, [where] plaintiff's allegations are insufficient to state a claim." *Id. citing Ridgewell's Caterers v. Nelson*, 688 F. Supp. 760, 763 (D.D.C. 1988).

The general allegations contained in the Complaint and referenced in Plaintiff's Opposition simply do not contain sufficient factual material to set forth a plausible claim for relief. This is exactly the type of pleading that *Ashcroft v. Iqbal*, 129 S. Ct. 1937 173 L. Ed. 2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) sought to foreclose. *See Skillstorm, Inc. v. Electronic Data Systems, LLC*, 666 F. SUPP. 2d 610, 619 (E.D. Va. 2009). Based on the lack of factual material, and Plaintiff's failure to identify any authority to indicate that *in haec verba* pleading is not required, the Court should dismiss Count IV - Defamation, against Ms. Hong with prejudice.

      **D.**    **The conclusory allegations fail to allege "outrageous" conduct or that he suffered "severe emotional distress."**

The claim for Intentional Infliction of Emotional Distress simply does not set forth either the type of conduct or the type of injuries that are recoverable under Virginia law.

The factual allegation of allegedly making a claim for sexual harassment does not rise to the

level of outrageousness that give rise to this tort. Plaintiff's Opposition does not provide any further detail or argument as to why the allegation of harassment here is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Russo v. White*, 241 Va. 23, 27, 400 S.E.2d 160 (1991). The idea that by merely making a claim for sexual harassment, the accuser has engaged in conduct that is both "unreasonable" and "intolerable," so that no reasonable person can tolerate the accusation has no support in either case law or common sense. Under Plaintiff's theory every victim of sexual harassment who reported the improper behavior could be subject to a lawsuit in tort for intentional infliction of emotional distress. Such a result would open the door to frivolous counter-claims being made by the wrongdoer against the victim, and would have a chilling effect on making claims for harassment.

With respect to the requirement of "severe emotional distress" evidenced by physical manifestations of the injury, Plaintiff does not address defendants' positions. Neither the Complaint, nor Plaintiff's Opposition sets forth any factual allegations concerning the extent of emotional distress. The conclusory allegation of "severe emotional distress" is insufficient for the claim to survive a motion to dismiss. *See Askew v. Meridian Imaging Solutions, Inc.*, 601 F. Supp. 2d 173, 178 (D.D.C. 2009); *see, also*, *Grandison v. Wackenhut Services, Inc.*, 514 F. Supp. 2d 12, 18 (D.D.C. 2007); *see, also*, *Alexander v. Washington Gas Light Co.*, 481 F. Supp. 2d 16, 38 (D.D.C. 2006). Count VI should be dismissed with prejudice.

III.   PLAINTIFF'S MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF VIRGINIA SHOULD BE DENIED AS FUTILE.

At the outset, Plaintiff admits that personal jurisdiction is not proper in this Court. He states, "...every action referenced in the complaint occurred in Northern Virginia and the Plaintiff does not

plead any adequate basis to assert personal jurisdiction over Hong, Owellen, Trenkamp or the Teradata Corporation." Plaintiff's Opposition, Docket Nos. 15 & 16, page 6.[2] He seeks transfer of venue to the Eastern District of Virginia to remedy the jurisdictional defect; however such a transfer would only be futile as to the claims against Ms. Hong, because there is no basis for any of the claims.

Even if the court were to transfer venue to the Eastern District of Virginia, the Complaint would still fail to state a claim upon which relief can be granted against Ms. Hong, and the Court has the power to deny the motion to transfer a futile claim. *See Regency Photo & Video, Inc. v. America Online, Inc.*, 214 F. SUPP. 2d 568, 573 (E.D. Va. 2002)(finding transfer futile where the transferee court would have to dismiss the case for lack of subject matter jurisdiction). "A claim is futile if it cannot withstand a motion to dismiss" *Tops Sales & Servs. v. City of Forest Park*, 2010 U.S. Dist. LEXIS 129007, *7 (N.D. Ga., Dec. 7, 2010); *see US Airline Pilots Ass'n v. AWAPPA, LLC*, 615 F.3d 312, 320 (4th Cir., 2010). As the present Complaint is unable to withstand a 12(b)(6) Motion to Dismiss, regardless of whether pending in the United States District Court for the District of Columbia or the United States District Court for the Eastern District of Virginia, the Motion to Transfer Venue is futile and should be denied.

IV.  CONCLUSION

The Court should grant Ms. Hong's Motion to Dismiss based on Federal Rules of Civil Procedure 12(b)(2), (3) & (6). The Plaintiff fails to allege facts to support the conclusion that Ms. Hong is liable under any of the theories asserted. In addition, the Complaint lacks support for this

---

[2] With this concession, there is absolutely no basis for why this suit was filed in the District of Columbia, forcing Ms. Hong to defend a case in a jurisdiction where she had no ties. The concession cannot be squared with the requirements of Fed. R. Civ. P. 11.

Court to assert personal jurisdiction over Ms. Hong, or the venue is proper in this Court. Because of the Complaint's incurable defects, the Plaintiff's Alternative Motion to Transfer Venue should be denied. Ms. Hong should be dismissed from this action with prejudice.

**JANET HONG**
By Counsel

/s/_____
Stephen A. Horvath, D.C. Bar No. 417137
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia  22030
Telephone:     (703) 385-1000
Facsimile:     (703) 385-1555
shorvath@vadctriallaw.com
*Counsel for Defendant, Janet Hong*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on the 10th day of November, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Elena M. Tilly, MD, Esq (# 502996)
The Tilly Law Firm, PLLC
6931 Arlington Road, Suite # 302
Bethesda, Maryland 20814
(301) 312-6413
(301) 312-6431 Fax
etilly@tillylawfirmmd.com
*Counsel for Plaintiff*

Deborah P. Kelly, D.D.C. Bar No. 420715
Charles V. Maehler, III, DDC Bar No. 475909
Dickstein Shapiro, LLP
1825 Eye Street, NW
Washington, DC 20006
202-775-4772
202-887-0689
kellyd@docksteinshapiro.com
mehlerc@dicksteinshapiro.com
*Counsel for Defendants Teradata, Michael Owellen and Robert Trenkamp*

                        /s/_____
                        Stephen A. Horvath, D.C. Bar No. 417137
                        BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
                        3920 University Drive
                        Fairfax, Virginia  22030
                        Telephone:    (703) 385-1000
                        Facsimile:     (703) 385-1555
                        shorvath@vadctriallaw.com
                        *Counsel for Defendant, Janet Hong*